1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE RAUL OCANA, *et al.*,

     Plaintiffs,

v.

JP MORGAN CHASE DBA CHASE
HOME FINANCE LLC,

     Defendant.

Case No. 2:10-CV-01712-KJD-RJJ

**ORDER**

     Presently before the Court is Defendant's Motion for Judgment on the Pleadings (#7).
Plaintiffs filed a response in opposition (#8) to which Defendant replied (#9).

I.  Background

     On or about February 22, 2008, Plaintiffs obtained a loan of $170,000.00 to finance the
purchase of real property located at 4701 Fulton Place, Las Vegas, Nevada 89107 ("the Property").
Defendant JP Morgan Chase d/b/a Chase Home Finance LLC ("Chase") was the named lender.  The
loan was secured by a Deed of Trust.  In or about September 1, 2009, Plaintiffs defaulted under the
conditions of the loan documents.  On July 10, 2010, Chase sent Plaintiffs an "Acceleration Warning
(Notice of Intent to Foreclose)."  The Notice warned Plaintiffs of the consequences of their default,
gave Plaintiffs thirty-seven days to cure, and warned them that failure to do so would result in Chase

1    accelerating maturity of the loan. Chase also instructed Plaintiffs on how to cure the default.  On or

2    about July 16, 2010, Chase notified Plaintiffs that they were not eligible for a loan modification.   On

3    or about September 14, 2010, Plaintiffs attempted to make a payment on the loan about $765.70,

4    only a portion of the $13,494.24 needed to cure Plaintiffs' default.

5         Plaintiffs then filed the present complaint against Defendant Chase on October 4, 2010. The

6    complaint brings causes of action for rescission under the Truth-in-Lending Act ("TILA"), and

7    declaratory and injunctive relief.  Chase then filed the present motion for judgment on the pleadings.

8    II.  Standard for a Motion for Judgment on the Pleadings

9         Pursuant to Federal Rule of Civil Procedure 12(c), "after the pleadings are closed – but early

10   enough not to delay trial – a party may move for judgment on the pleadings."  The standard of review

11   is equivalent to that of a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may

12   be granted.  In considering a motion to dismiss, "all well-pleaded allegations of material fact are

13   taken as true and construed in a light most favorable to the non-moving party."  Wyler Summit

14   Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation

15   omitted). Consequently, there is a strong presumption against dismissing an action for failure to state

16   a claim.  See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

17        "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

18   as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937,

19   1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the

20   context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to

21   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

22        The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the

23   allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations

24   which are legal conclusions, bare assertions, or merely conclusory.  Id. at 1949-51.  Second, the

25   Court considers the factual allegations "to determine if they plausibly suggest an entitlement to

26

2

1  relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion

2  to dismiss. Id. at 1950.

3  III.  Analysis

4        Plaintiffs' complaint only raises two enumerated claims.  Plaintiffs' first cause of action seeks

5  to rescind the deed of trust, loan and promissory note executed in acquisition of the Property based

6  upon violations of TILA.  However, Plaintiffs' claims under TILA are subject to a one-year statute of

7  limitations. See 15 U.S.C. §1640(e); Cervantes v. Countrywide Home Loans, Inc., — F.3d —, 2011

8  WL 3911031 *8 (9th Cir. September 7, 2011).  The limitations period began to run when Plaintiffs

9  executed their loan documents, because they could have discovered the alleged disclosure violations

10  and discrepancies at that time. See id.  The running of the limitations period is apparent on the face

11  of the complaint because Plaintiffs obtained their loan on or about February 22, 2008 and the present

12  action was not filed until October 4, 2010.[1]  Since Plaintiffs' second cause of action for declaratory

13  and injunctive relief is premised solely on the legitimacy of their first cause of action for recision, the

14  second cause of action must be dismissed as moot.

15        Furthermore, if the Court were to construe Plaintiffs' *pro se* complaint broadly enough to

16  contain causes of action other than the two enumerated claims, the Court would still dismiss the

17  following claims for: 1) wrongful foreclosure as not ripe, because foreclosure has neither occurred

18  nor been noticed; and 2) lack of standing, because Nevada statutes grant beneficiaries, successors-in-

19  interest and trustees the right to pursue non-judicial foreclosure.

20        In response to Defendant's motion for judgment on the pleadings, Plaintiffs filed an

21  opposition stating that they were merely trying to determine who the proper parties were to arrange a

22  loan modification with, whether Chase had authority to modify the loan, and whether Chase would

23  produce appropriate documentation to ensure that they have authority to modify the loan.  However,

24  Plaintiffs have selected the wrong vehicle and venue to have these questions answered.  In response

25

26      [1]Further, recision under TILA would be barred because repayment of the amounts advanced by lender is a precondition to recision. Yamamoto v. Bank of N.Y., 329 F3d 1167, 1170 (9th Cir. 2003).

3

to the "increasing number of foreclosures in [Nevada]", the Nevada legislature enacted the Foreclosure Mediation Program[2] in 2009. <u>Pasillas v. HSBC Bank USA</u>, 255, P3d 1281, 1284 (Nev. 2011).  In design and practice, the statute requires trustees seeking to foreclose on owner-occupied residences to provide an election-of-mediation form with the notice of default and election to sell. <u>See</u> Nev. Rev. Stat. §107.086(4), (5); <u>Pasillas</u>, 255 P.3d at 1284. If the homeowner elects to mediate, Nevada requires that the homeowner and beneficiary attend the mediation, mediate in good faith and provide enumerated documents.[3]  The beneficiary must send a representative with authority to modify the loan or have access to a person with such authority during the mediation.  <u>See</u> Nev.Rev. Stat. §107.086(4), (5); <u>Pasillas</u>, 255 P.34 at 1284.

Thus, to receive answers to the questions posed in Plaintiffs' opposition to the motion for judgment on the pleadings, they need only elect their statutory right to mediation at which Chase would be required to bring the deed of trust, mortgage note and all assignments along with a representative with authority to modify the loan.  Without a certificate from the mediator, foreclosure cannot proceed.  A certificate will not issue if the beneficiary does not demonstrate that the foreclosing party is acting with authority.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Judgment on the Pleadings is **GRANTED**.

//

//

//

---

[2] Codified as Nev.Rev.Stat. §107.086

[3]  It is mandatory that the beneficiary bring the "enumerated documents", i.e. the deed of trust, the mortgage note, and any assignments.  <u>See Leyva v. Nat'l Default Serv'ing Corp.</u>, 255 P3d 1275, 1279 (Nev. 2011) ("[t]he legislative intent behind requiring a party to produce the assignments of the deed of trust and mortgage note is to ensure that whoever is foreclosing 'actually owns the note' and has authority to modify the loan").

4

1    IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant

2 and against Plaintiffs.

3    DATED this 16th day of September 2011.

4

5    _____

6    KENT J. DAWSON
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5